■ In the Matter of PEGGIE B. SPENO, as Executrix of FRANK SPENO, JR., Deceased, Petitioner, v. NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.— Proceedings pursuant to CPLR article 78 (trans-

---

ferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an assessment of additional personal income tax for the year 1960 under article 16 of the Tax Law, and to review a decision of the State Tax Commission which sustained a deficiency assessment of additional personal income tax for the year 1961 under article 22 of the Tax Law. Frank Speno, Jr. and his wife Peggie B. Speno, residents of New Jersey, filed joint New York State nonresident income tax returns for the years 1960 and 1961. Mr. Speno, who died on January 31, 1970, was, during the taxable years in question, employed by Frank Speno Railroad Ballast Cleaning Co., Inc., as president of the corporation at an annual salary of $60,000. The main office of the corporation was in Ithaca, New York, with other offices in Syracuse, New York and Geneva, Switzerland. In the income tax return filed for 1960, petitioners claimed 236 days of work outside of New York, 106 of which were days worked at Mr. Speno's home in New Jersey. In the income tax return filed for 1961, petitioners claimed 174 days as work outside of New York performed at Mr. Speno's home in New Jersey. The issue presented is whether the days worked by Mr. Speno at his home in New Jersey are entitled to be recognized as days worked outside of New York for the purpose of allocation of income in determining petitioners' personal income tax payable to New York. (Tax Law, §§ 359, 632.) Although Mr. Speno was president of the corporation for which he worked, his duties were not executive in nature, but rather in the promotional field as a public relations representative of the corporation. He spent very little time in the offices of the corporation, and traveled outside of New York making contacts with customers. The time spent at his New Jersey home was primarily concentrated on communicating by telephone with various business contacts. He chose to live in New Jersey primarily to facilitate his traveling to the major railroad centers where the corporation's important customers were located. The fact that Mr. Speno, an officer of a corporation with two offices in New York State, chose to live in New Jersey in order to make it more convenient for him to perform his promotional duties is not sufficient to entitle him to an allocation for days worked outside of New York for those days worked at his home in New Jersey. Any allowance claimed for work outside New York must be for those purposes that of necessity — as distinguished from convenience — obligate the employee to out-of-state duties in the service of the employer. (*Matter of Churchill v. Gallman*, 38 A D 2d 631; *Matter of Morehouse v. Murphy*, 10 A D 2d 764, app. dsmd. 8 N Y 2d 932; *Matter of Burke v. Bragalini*, 10 A D 2d 654; 20 NYCRR 131.16.) Determination confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Cooke and Main, JJ., concur; Greenblott and Kane, JJ., dissent and vote to annul the determination in a memorandum by Kane, J. Kane, J. (dissenting). We vote to annul the determination. The cases relied upon by the majority involved nonresident employees of New York businesses who sought to exclude some days worked outside this State for allocation of income purposes (*Matter of Burke v. Bragalini*, 10 A D 2d 654, 40 days of work performed in his New Jersey home; *Matter of Morehouse v. Murphy*, 10 A D 2d 764, services performed at home and in a commuter train; *Matter of Churchill v. Gallman*, 38 A D 2d 631, 54 days of work at his home in New Jersey) to which we properly came to the conclusions that the work performed out-of-State was for the convenience of the taxpayers and not services which of necessity had to be performed out-of-State. This case more closely parallels *Matter of Linsley v. Gallman* (38 A D 2d 367) in which we

held that performance of advisory services by petitioner, a nonresident, did not produce income from a source within New York and was, therefore, not taxable, noting that he was not required to be in New York during the entire period involved to render these services. In this case petitioner spent, in one year in question, 296 days working, 236 of which were outside New York but only 106 days in dispute. In the second year in question, he worked 295 days, of which 252 were outside the State but only 174 days disputed. Petitioner did not maintain an office at the employer's New York base of operations nor was he required to perform services at the New York headquarters. The mere fact that during the period of two years he voluntarily visited the home office on three occasions should not distinguish the case from the *Linsley* case. Only in cases where the employee is based or is required to work in New York, and works outside during a tax year, should we apply the "convenience or necessity test" of 20 NYCRR 131.16.